IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Julie Roubideaux, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:04cv13 |
| | ) | |
| Department of Corrections and Rehabilitation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Report and Recommendation**

Plaintiffs filed a Proposed Notice of Class Certification. Defendants objected to the notice, arguing first that Rule 23(b)(2) class certification provides no opt-out opportunity, and second that the notice should contain no reference to the availability of nominal, compensatory or punitive damages.[1] The District Judge has again requested a Report and Recommendation addressing the class notice.

1.  Opt- Out Provision

The District Judge found that this action is maintainable as a class <u>only</u> under Rule 23(b)(2). The District Judge further stated in his order that "[m]embers of a class certified under Rule 23(b)(2) are <u>not</u> given the privilege of opting out." Order (citing <u>DeBoer v. Mellon Mortgage Co.</u>, 64 F.3d 1171, 1175 (8th Cir. 1995)(citations omitted). The court specifically directed that plaintiff's counsel amend the previously submitted notice of class action to remove

---

[1] Defendants did not object to any other provisions of the proposed Notice of Class Certification and Statement of Notice Procedures. The Magistrate Judge has reviewed the proposed procedures and recommends a finding that the procedures will provide the best notice practicable to the class.

1

the reference to the opportunity to opt out of the class. Plaintiffs assert Judge Hovland's order states only the general rule, but that the court under its discretionary authority provided in Rule 23(d)(2) may permit an opt-out provision. Plaintiffs further argue that because they seek damages, the proposed opt-out provision would appropriately "alert[] class members to the opportunity to obtain their own counsel and/or file their own individual actions if they wish." Plaintiffs' Memorandum Re: Revised Proposed Notice of Class Certification and Statement of Suggested Notice Procedures, at 3. Plaintiffs have proposed a revised Notice suggesting that class members should be permitted to opt out to "promote fairness in the litigation of this action."

Defendants strenuously object to the inclusion of the opt-out provision in the Notice of Class Certification. They argue that the Eighth Circuit has never recognized such a right in a case certified pursuant to 23(b)(2), noting that refusal to permit certain class members to opt out is in keeping with the purposes of a class action: "eliminating the possibility of repetitious litigation and providing small claimants with a means of obtaining redress for claims too small to justify individual litigation." DeBoer v. Mellon Mortgate Co., 64 F.3d 1171, 1175 (8th Cir. 1995), cert. denied, 517 U.S. 1156 (1996). Defendants further argue that to allow the opt-out provision would implicitly recognize that monetary relief predominates the action, contrary to plaintiffs' assertions.

The Magistrate Judge recommends a finding that the opt-out provision is inconsistent with the certification of the class under Rule 23(b)(2). The Eighth Circuit has specifically held that members of a class certified pursuant to Rule 23(b)(2) are not given the privilege of opting out, and the reasons advanced by the plaintiffs for a discretionary exception do not outweigh the

purposes served by class actions.  Accordingly, plaintiffs should be directed to submit for approval a revised Notice of Class Certification eliminating any reference to a class member's ability to opt-out of the pending class action.

      2.      <u>Claim for Nominal, Compensatory and Punitive Damages</u>

The Proposed Notice of Class Action contains several references to nominal, punitive and compensatory damages.  The first paragraph explains the purpose of the lawsuit: specifically, that the plaintiffs are seeking a declaration that certain of defendants' practices are discriminatory and illegal, and injunctive relief prohibiting further discrimination.  The notice further states that the lawsuit seeks "to recover nominal, compensatory, and punitive damages resulting from these practices; ..."  The notice also proposes bifurcation of the trial.   Under the plaintiffs' plan the first stage of the trial would address injunctive relief, defendants' liability, and nominal and punitive damages.  The second stage of the trial would "consist of hearing evidence regarding the damages claims of individual class members."  <u>Proposed Notice of Class Action</u>, at 4.

Defendants argue "plaintiffs' claims for compensatory and punitive damages are inconsistent with their assertion that injunctive and declaratory relief predominate," and are therefore impermissible. The Magistrate Judge agrees to the extent that any reference to damages must identify the relief as merely incidental.

Monetary relief is appropriate under a 23(b)(2) class action only in limited circumstances. <u>Allison v. Citgo Petroleum Corp.</u>, 151 F.3d 402, 411-12 (5th Cir. 1998) (quotations omitted).[2]

---

[2] The courts have inferred from an advisory note that at least some type of damages may be permissible in a (b)(2) class action:

> The plaintiffs, however, also seek monetary relief.  Rule 23(b)(2) is silent as to whether monetary remedies may be sought in conjunction with injunctive or

3

"Actions for class-wide injunctive relief or declaratory relief are intended for (b)(2) certification precisely because they involve group remedies." Id. at 414.  Plaintiffs' proposed notice suggests the type of individualized inquiry into each class member's claim which Rule 23(b)(2) is designed to avoid. The notice treats the damage claims as significant, not merely incidental. Accordingly, any reference to damages must identify the relief as merely incidental to the declaratory and injunctive relief.

## Conclusion

**IT IS RECOMMENDED** that the Notice of Class Action contain no opt-out provision and advise the class members that monetary damages may be sought as incidental to the declaratory and injunctive relief.  The proposed notice should be revised to reflect these recommendations.  **IT IS FURTHER RECOMMENDED** that the District Judge find the notice procedures proposed by plaintiffs will provide the best notice practicable to the class.

Dated this 4th day of January, 2007.

/s/Karen K. Klein
Karen K. Klein
United States Magistrate Judge

---

declaratory relief.  The Advisory Committee Notes on Rule 23 state that class certification under (b)(2) 'does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages.'  This commentary implies that the drafters of Rule 23 believed that at least some form or amount of monetary relief would be permissible in a (b)(2) class action.
Allison v. Citgo Petroleum Corp., 151 F.3d 402, 411-12 (5th Cir. 1998) (quotations omitted).